UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **EDWARD OWENS** | **CIVIL ACTION NO. 13-211-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Edward Owens ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on January 22, 2013. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. He names Warden Burl Cain as respondent.

On January 26, 1989, Petitioner was convicted in Louisiana's Eleventh Judicial District Court, Parish of Sabine of one count of aggravated rape, one count of aggravated kidnapping, one count of attempted second degree murder, and one count of armed robbery. Subsequently, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the aggravated rape and the aggravated

kidnapping convictions and fifty (50) years at hard labor as to the attempted second degree murder and armed robbery convictions. The trial court ordered said sentences to run consecutively.

In support of this petition, Petitioner alleges (1) the grand jury indictment failed to allege the elements of the crimes charged, (2) the process for selecting the grand jury foreperson was racially discriminatory, (3) the failure of the trial court to recognize the mandatory sentence issue, (4) the jury instruction regarding reasonable double denied him due process, and (5) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4).  In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on January 26, 1989 and subsequently sentenced. The Louisiana Second Circuit Court of Appeal affirmed the convictions and sentences. State v. Owens, 567 So.2d 806 (La. App. 3 Cir. 10/3/90).  The Supreme Court of Louisiana denied writs of review as untimely pursuant to La. C.Cr.P. art. 930.8 and State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189.  State v. Owens, 678 So.2d 29, 94-KH-1343 (La. 8/23/96).

La. C.Cr.P. art. 922(D) provides that the judgment of the appellate court from which the writ of review is sought becomes final when the Supreme Court of Louisiana denies the

writ application, if the application is timely filed.[2] Thus, Petitioner's application for writ of review was untimely filed in the Supreme Court of Louisiana. Accordingly, his conviction and sentence became final in October 1990, when the delay for applying for a rehearing expired and no application was filed. See. La. C.Cr.P. art. 922(B). However, where a state prisoner's federal habeas petition is based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997. See United States v. Flores, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); Flanagan v. Johnson, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998). In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition. Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

In this case, it appears Petitioner's convictions and sentences became final in 1990, prior to the enactment of the AEDPA. It does not appear Petitioner filed any state post-conviction relief applications during the one-year period from April 24, 1996 through April 24, 1997. Thus, Petitioner's one-year period to file for federal habeas relief ended on April 24, 1997. The federal petition currently before the court was received and filed in this

---

[2] Since this application for writ of review was untimely filed in the Supreme Court of Louisiana, it does not toll the federal one-year limitation period because it is not "properly filed." See 28 U.S.C. § 2244(d)(2) and Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001).

court on January 22, 2013, more than 15 years too late.

In addition, the post-conviction proceedings initiated by Petitioner in 2011 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. It appears Petitioner filed an application for post-conviction relief in the Eleventh Judicial District Court in May 2011 and review of this application continued until the Supreme Court of Louisiana denied relief in January 2013. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file his application for post-conviction relief until May 2011, more than 14 years after the limitation period had already expired in April 1997.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this

Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 22nd day of April 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE